## Mutual Life Insurance Company v. Tenan.

*Judgment—Striking off judgment and execution.*

Where the Supreme Court has declared a judgment and all proceedings thereunder to be void and of no effect, it is the duty of the court of first instance to strike from the record the judgment and all proceedings thereunder, so that the record in the common pleas may not be used in the orphans' court to prevent the plaintiff in the judgment from participating in the distribution of a fund from the sale of the defendant's real estate.

Argued Oct. 21, 1902. Appeal, No. 139, Oct. T., 1902, by M. H. Stevenson, from order of C. P. Washington Co., Nov. T., 1897, No. 57, striking off judgment in case of Mutual Life Insurance Company of New York for use of Robert Scott and J. B. Tenan v. George M. Tenan, Executor of Stephen Smith, Deceased, with notice to M. H. Stevens, Terre-Tenant. Before

McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Rule to strike off judgment.

The court filed the following opinion:

We have no doubt that the judgment entered to No. 57, November term, 1897, appearance docket, and the lev. fa. issued thereon to No. 92, November term, 1897, are void, and that the sheriff's sale and the deed he gave to the purchaser were without legal effect. If this is apparent from the inspection of the record, we have no doubt as to the power of the court to summarily strike the same from the record as something that ought not to be there.

The only question, then, for us to determine, is whether or not the record shows that the judgment and the decree of this court, approving the sheriff's special return, are void or not. There can be no dispute as to what the record shows; it shows a default judgment entered against an executor for want of an affidavit of defense, and the only question then to determine is a legal one, and that is, is such a judgment void; has it any legal effect? What is our authority for saying it is void?

In the appeal reported in 188 Pa. 239, the Supreme Court say of this judgment: " It follows that the judgment so entered in the present case is a void judgment and must be set aside."

In Tenan v. Cain, 188 Pa. 242, the Supreme Court say of this judgment: " We have just reversed that judgment as unauthorized and void. It was incapable of supporting an execution," etc.

In Stevenson's Appeal, 194 Pa. 259, the Supreme Court say of this judgment and the proceedings had thereon: " The judgment, deed and receipt to the sheriff were all legal nullities and possessed no efficacy whatever."

With these declarations of the Supreme Court we think there can be no question as to the legal effect of the judgment in question. If, then, the judgment, the deed and the receipt to the sheriff were all " legal nullities and possessed no efficacy whatever," why should they remain on the record?

The answer of M. H. Stevenson to the motion to strike off

the judgment filed, avers that "the sole purpose of the present motion is to prevent him from using the records as evidence before the auditor appointed to pass upon exceptions and make distribution in the matter of the account of Wm. M. Jackson, administrator of Stephen Smith, deceased, and he suggests that the granting of said motion would therefore be unfair and inequitable." Would it not be nearer the mark to say that it would be unfair and inequitable not to grant the motion?

If this court finds on its records a judgment and proceedings thereon "that are legal nullities and possessed of no efficacy whatever" in the opinion of 'the Supreme Court, and that the record of the judgment and of the proceedings thereon is about to be used as evidence in another court, where there might be some question whether or not it could be attacked collaterally, why should not this be a reason to move this court to purge its records? Why should this court withhold its hand in this matter to allow M. H. Stevenson to offer in evidence in the orphans' court a record which has already been adjudged by the Supreme Court not only a nullity, but not competent evidence to establish the claim which he seeks to establish in the orphans' court? We therefore hold that the judgment entered to No. 57, November term, 1897, and all the proceedings under it, are a nullity, and that the motion to strike off should prevail, and that the respondent in his answer has not shown any just ground for our delaying the entry of the decree asked for until he can use the record as it now stands as evidence in the orphans' court.

Of course if we were to assume that James B. Tenan had been actually paid his mortgage debt and that the estate of Stephen Smith owed him nothing, and that he by the sheriff's sale was trying to collect a debt not honestly due him, there might be some force in the suggestion that it would be inequitable for this court to grant the motion to strike off the approval of the sheriff's special return. But we can make no such assumption; on the contrary, the fact that the estate of Stephen Smith owes James B. Tenan this mortgage debt has been adjudicated, and there is no claim that he was paid the money covered by the receipt which he gave the sheriff.

But more than this; this very money for distribution in the orphans' court referred to in the respondent's answer, was

ordered paid to the executor of the will of Stephen Smith that he might pay it to James B. Tenan in discharge of his debt. It may be, as stated in the answer, that the respondent has been put to expense by reason of this sheriff's sale in preparing his paper-books for the Supreme Court in the cases that reached there by a blunder or inadvertence of this court in entering this judgment, but if, in place of giving notice to bidders at the sheriff's sale that the purchaser would take no title, he had come into this court and called our attention to the blunder we had made in entering the default judgment, we would certainly have quashed the writ of lev. fa. and then struck the judgment from the record, and there would have been no expense for him to have paid.  Decrees for default judgments are always prepared by counsel and are handed up and signed on motion day without much examination, and as our court rules provide for their being opened or stricken off on cause shown, the election is with the party dissatisfied with the judgment to pursue either course ;. and we have no criticism to make of the course the respondent chose to take, we only say that he cannot charge the expenses incurred to " the unconscionable conduct of James B. Tenan." He should either charge them to the inadvertence of the court in signing the decree for the default judgment, or to his not calling the attention of this court to the slip it had made before the sheriff's sale was made.

And now, June 26, 1902, the motion of James B. Tenan, herein filed, an answer thereto of M. H. Stevenson came on to be heard and was argued, whereupon, upon due consideration, it is ordered, adjudged and decreed that the judgment of this court entered at No. 57, November term, 1897, and that the decree of this court of date November 12, 1897, approving the sheriff's special return on levari facias, issued to No. 92, November term, 1897, on said judgment, which decree is in these words, to wit:

And now, November 12, 1897, the within return presented and read in open court and there being no objections, the same is approved and the sheriff is directed to present for acknowledgment, the deed to James B. Tenan.

Be and the same are hereby stricken from the records of this court as " legal nullities and possessed of no efficiency whatever."

*Error assigned* was the order of the court as above.

*M. H. Stevenson,* for appellant, cited : Stayton v. Graham, 139 Pa. 1; Deacle v. Deacle, 160 Pa. 206 : Evans v. Maury, 112 Pa. 300 ; Yaple v. Titus, 41 Pa. 195, 205 ; Adams Township Road, 130 Pa. 190; Armstrong Co. v. McKee, 172 Pa. 64; Blockley, etc., Turnpike Co.'s Petition, 140 Pa. 177; O'Hara v. Baum, 82 Pa. 416; Germantown Brewing Co. v. Booth, 162 Pa. 100; Philadelphia v. Jenkins, 162 Pa. 451; Mitchell on Motions and Rules, pp. 74, 76.

*A. M. Todd* and *J. A. Wiley,* for appellee, cited : Germantown Brewing Co. v. Booth, 162 Pa. 100; France v. Ruddiman, 126 Pa. 257; Phila. v. Jenkins, 162 Pa. 451; Pantall v. Dickey, 123 Pa. 431; McKinney v. Brown, 130 Pa. 365; Post v. Wallace, 110 Pa. 121; Schuylkill Co. v. Minogue, 160 Pa. 164; Stewart v. Jackson, 181 Pa. 549.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903 :

This was an application in the court below to vacate and strike off the judgment entered against an executor for want of an affidavit of defense and to vacate the decree of the court approving the sheriff's special return of sale on the levari facias issued on said judgment. The learned judge granted the motion and struck from the records the judgment and decree as being " legal nullities and possessed of no efficiency whatever." On three separate appeals to this court, in litigation involving the validity of the judgment, we have declared it void and of no efficacy whatever. We have also held that the deed and the receipt of the sheriff by the lien creditor were likewise of no force or validity. " The sheriff's sale under the judgment," says Chief Justice GREEN in Smith's Estate, 194 Pa. 259, " was a void sale and the deed to the purchaser was a void deed. It not only conferred no title, it was a legal nullity. In other words, the judgment and all the subsequent proceedings were the same as if they had never taken place ; they had no existence in any manner which the law could or would recognize." Such was the opinion of this court, after deliberate consideration, upon the validity of the judgment and subsequent proceedings on the scire facias

issued on the mortgage.   Regarding this opinion as authoritative, the learned trial judge struck from the record the proceedings to foreclose the mortgage.   His opinion thoroughly justifies his action.   There can be no sufficient reason assigned why a judgment or proceeding, adjudged by this court to be void and of no legal effect, should be permitted to remain on the record of the court of first instance.   Until it is stricken from the record and its invalidity thus declared, it can and may be enforced by the same or another tribunal.   Thus the records of the court may be used as evidence to enforce a claim which this court declares to have no legal existence, or to defeat a claim which is justly and equitable due.

Here the correction of the record was resisted by the appellant in order that he might use it to prevent the allowance of the appellee's claim by an auditor appointed to distribute a fund in another court.   So long as the record of the common pleas showed a satisfaction of the claim, the orphans' court could not allow it to participate in the distribution of a fund arising from the sale of the debtor's real estate.   The judgment and proceeding thereon, declared by this court to be void and of no legal efficacy whatever, would therefore prevent the appellee from enforcing the payment of his claim out of the fund for distribution.   The necessity for correcting the record is therefore apparent and the learned court below was entirely right in granting the motion for that purpose.

The decree is affirmed.