Patterson's Estate.

Argued January 29, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Ralph M. Bashore,* for appellant.

*John B. McGurl,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 24, 1941:

This is an appeal from the decree of the court below dismissing the petition of Mrs. Michael Kachura, executrix of the last will and testament of John Patterson for a citation to Francis J. Kachura to show cause why certain monies in the possession of the Union Bank and Trust Company of Pottsville in the name of John Patterson and Francis Kachura should not be paid to the executrix after the death of John Patterson. Mrs. Michael Kachura is decedent's aunt and Francis J. Kachura is his cousin and the grandson of Mrs. Kachura.

On November 1, 1938, a "joint bank" account card, providing for a right of survivorship, was presented to the Union Bank & Trust Company of Pottsville, signed by John Patterson and Francis J. Kachura and relating to a deposit in that bank in the sum of $3,085.74. On December 1, 1938, decedent executed a will, bequeathing a specific legacy of $300 to Francis J. Kachura, one of the respondents, and the residue to Mrs. Michael Kachura, who was appointed executrix. Testator died two days later.

The executrix claims that the balance in the savings account is the property of the decedent's estate. Both respondents (Francis J. Kachura and the bank) filed answers denying petitioner's contention and alleging that the balance in the account is the property of Francis J. Kachura as a joint tenant with right of survivorship.

The court below in its opinion dismissing the petition said: "All parties submitted to the jurisdiction of this court. Of course, such submission will not give this court jurisdiction if it does not in fact have jurisdiction over the subject matter: *Wolfe v. Lewisburg Trust & Safe Deposit Co.*, 305 Pa. 583 [158 A. 567]. Where the property in question was in decedent's possession, either actually or presumptively, at the time of his death, the orphans' court has jurisdiction: *Crisswell's Est.*, 334 Pa. 266 [5 A. 2d 577]." The court said further: "The bank account, the subject of dispute, was at the time of decedent's death, in decedent's name, and that of Francis J. Kachura; the interest of decedent, upon his death, passed under the control of the Orphans' Court and therefore this court has jurisdiction of the subject matter as well as the parties: *Mauser et al. v. Mauser*, 326 Pa. 257 [192 A. 137]. . . . In opening the account with the Union Bank and Trust Company, John Patterson and Francis J. Kachura signed an agreement on the signature card containing the following: 'We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.' "

During the hearing it was contended by the petitioner that the signature of John Patterson on the card was not in fact signed by John Patterson. There was credible evidence by an eyewitness to the signature of John Patterson and the court below held that the signature was "in the handwriting of the decedent."

The court also held: "The language of the contract under consideration is sufficient to vest in Francis J. Kachura, by assignment, as of the date of execution and delivery to the bank, a present interest in the chose in

action as a joint owner with the right of survivorship: *Mader v. Stemler*, 319 Pa. 374 [179 A. 719]." The court negatived the contention of the petitioner that the writing is testamentary in character. The court on the authority of *Mardis v. Steen*, 293 Pa. 13, 141 A. 629, held that the writing created a joint tenancy and not a will.

After an appeal was taken to this court the appellant raised for the first time the question of the jurisdiction of the Orphans' Court. "The want of jurisdiction over the subject-matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved, unless there is an estoppel to raise the question": 17 Standard Encyclopedia of Procedure, p. 912. Submission by all parties interested will not give the Orphans' Court jurisdiction *over the subject-matter.* "As jurisdiction is fixed by law, it is beyond the control of the parties": *Blumenthal's Est.*, 227 Pa. 268, 75 A. 1075; *Wolfe et al. v. Lewisburg Trust & Safe Deposit Co.*, 305 Pa. 583, 158 A. 567.

It is clear that the Orphans' Court had no jurisdiction in this case. We said in *Keyser's Est.*, 329 Pa. 514, 198 A. 125: The Orphans' Court "may assume jurisdiction to compel a third party to restore property to the estate of a decedent where it was, at one time, *in the hands of the administrator or executor, or in the possession of the decedent at the time of his death;* and . . . that where money or property was not possessed by a decedent at the time of his death or subsequently by his representative, and where possession is in, and title is claimed by, another who is in no way connected with the administration of the estate, that court has no jurisdiction to determine the fact of ownership or title as against the third party in possession of the money or property under a claim of right." When the decedent Patterson died, possession of and title to the bank account in controversy was claimed by the other party to

that joint account; the prima facies of the situation supported his claim and he was in no way connected with the administration of the estate.

In *Crisswell's Estate*, 334 Pa. 266, 5 A. (2d) 577, this court reiterated the rule laid down in *Keyser's Estate*, supra; *McGovern's Est.*, 322 Pa. 379, 186 A. 89; and *Cutler's Est.*, 225 Pa. 167, 73 A. 1111, and held that where there was a dispute as to the title of property which was not in decedent's possession at the time of his death, the executor must bring an action in equity in the Court of Common Pleas against the party in possession.

The facts in the instant case are similar to those in *Smith's Est.*, 141 Pa. Superior Ct. 571, 15 A. (2d) 523. There the decedent, the owner of a savings account in a trust company, and the respondent executed together, on the reverse side of the signature card, an agreement, under seal, by which they agreed that any money placed in the bank account should be deemed to belong to them as joint tenants, subject to check by either, and that in case of the death of either, the trust company was to deal with the survivor as sole and absolute owner. The Orphans' Court of Erie County awarded the balance in the joint account to the surviving joint-tenant. The executrix of the estate of the other joint tenant presented a motion to vacate the order for the reason that the Orphans' Court did not have jurisdiction of the subject matter involved and therefore had no power to make a decree disposing of the bank account in question. The Orphans' Court held that it did have jurisdiction to award the fund either to the estate of the one joint tenant or to the other joint tenant, who was the claimant. Upon appeal to the Superior Court, it was held: "The [Orphans'] Court had no jurisdiction over the subject-matter, and jurisdiction could not be conferred by the initial consent of the parties. . . . Its order was unenforceable and a nullity." The order of the Orphans' Court was reversed.

In the instant case, the action of the Orphans' Court in dismissing the petition was right; since it had no jurisdiction over the subject-matter, it could not in legal effect do otherwise. The reasons it gave for dismissing the petition do not here concern us, for the questions it adjudicated were not properly before it. An adjudication of a court without jurisdiction is "void and of no legal efficacy." See *Mutual Life Ins. Co. v. Tenan,* 204 Pa. 332, 337, 45 A. 172.

Because of the Orphans' Court's want of jurisdiction over the subject-matter of this controversy, the decree dismissing the petition is affirmed; costs to be paid by appellant.