## Higley Estate

*John E. Eberly,* for petitioner.

WOLFE, P. J., August 31, 1971.—For determination is the petition of Warren National Bank, Guardian of the Estate of Edward W. Higley, requesting the court to make an order determining who is entitled to distribution of the funds held by the guardian following the death of its ward.

At the time of his demise, the ward was a domiciliary of Canandaigua, N.Y., and died testate. Under his last will and testament, executed on June 29, 1970, testator, after a direction to the executor to pay debts and funeral expenses, devises all residue of the estate to the Loyal Order of Moose, Number 1048, Inc., Canandaigua, N.Y. Max Cohen, Esq., attorney at law, of Canandaigua, N.Y., was appointed executor under this instrument.

The second and final account of the guardian indicates a balance for distribution of $2,177.82.

The guardian gave due notice to the intestate heirs of decedent and at time of hearing three of them appeared in court, to-wit, Mary E. Johnson, a sister, Richard C. Higley, a brother, and Marion L. Higley, a brother.

Neither the executor under decedent's last will and testament appeared nor anyone on behalf of the beneficiary under the instrument.

A review of the proceedings subsequent to the adjudication of incompetency reveals there has been no further adjudication as to the mental status of decedent prior to his death. Decedent was adjudicated incompetent on October 26, 1950.

The Incompetents' Estates Act of 1955, 50 PS §3601, directs that a guardian shall file an account of his administration of real and personal property promptly at the termination of his guardianship, or at such earlier time or times as shall be directed or authorized by the court. Of course, death terminates the guardianship and compels the guardian to account.

This act further provides that all accounts of guardians shall be filed in the office of the clerk and the guardian shall give written notice of the filing thereof and its call for audit or confirmation to the former ward if he has been declared competent, and otherwise to his succeeding guardian or personal representative and to such other persons as the court, by general rule or special order, shall direct: Incompetents' Estates Act of February 28, 1956, P. L. — (1955), 50 PS §3603.

Further, a guardian shall be relieved of liability with respect to all real and personal estate distributed in conformity with decree of court or in accordance with the rule of court after confirmation of account, and a guardian shall be relieved of liability with respect to all real and personal estate distributed by him to the personal representatives of a deceased incompetent: Incompetents' Estates Act of 1955, 50 PS §3631.

Rambo's Appeal, 123 Pa. Superior Ct. 565 (1936), establishes that the court of common pleas does not

have jurisdiction to make distribution of the estate of a deceased weak-minded person to the heirs of such person, but that the balance in the hands of the guardian must be distributed to the personal representative for further proceedings in the orphans' court.

This case was followed in Piperberg Estate, 87 D. & C. 26 (1952), citing Patterson's Estate, 341 Pa. 177, 182 (1941), holding any order of a court of common pleas attempting to adjudicate a will and to direct distribution would be a nullity and would not protect executors making payments thereunder.

In light of the foregoing Incompetents' Estates Act and the cases interpreting the forerunner of that act, it is clear the guardian in the current case is compelled to make distribution to the duly qualified personal representative of the incompetent's estate and not to the beneficiary under the alleged last will and testament or to the intestate heirs. Of course, this compels the guardian to determine the proper qualified personal representative, and this will be determined by a course of time through a court of competent jurisdiction, to-wit, Canandaigua County, N.Y., wherein the last will and testament was offered for probate and which county was the domiciliary of decedent at the time of his demise.

There is no procedure in this court to determine the validity of the writing alleged to be the last will and testament of decedent nor was decedent a domiciliary of the Commonwealth of Pennsylvania at the time of his demise and, consequently, this court concludes it has no jurisdiction to determine the issues the heirs-at-law raised at time of hearing.

If the heirs wish to attack the instrument, they must do so at Canandaigua County, N.Y., and this latter court will determine the proper personal representa-

tive to which the guardian will account under the foregoing Incompetents Estates Act.

Therefore, the court makes the following order:

And now, the petitioner, Warren National Bank, Guardian of the Estate of Edward W. Higley, deceased, is hereby ordered to retain custody of the amount held by it for distribution until such time it receives properly authenticated qualifications of the personal representative of decedent, Edward W. Higley, and thereafter the guardian is directed to distribute the funds held by it to such qualified personal representative, all as provided under the Incompetents' Estates Act of 1955.