740 A.2d 751 (1999)
CHURCH OF the LORD JESUS CHRIST OF the APOSTOLIC FAITH, INC. and Anthoneé J. Patterson, Member and Kevin Brooks, Member and Roland Patterson, Member and Tammie Brooks, Member and Unnamed Members of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith
v.
Roddy J.N. SHELTON, II and George Leaks and Hall Cirwithian and Grant Cirwithian and Rafael Yelventon and William Ragsdale, Sr., and Arthur Hair and Warren Coles and William Ragsdale, Jr. and John Bryant and Lonce Scott and James Simmons and Anderson Ingram and Christopher Knight and Donald Polk and Bryant Ragsdale and Levi Peters and Bernard Jamison and Frank Matthews and Marcus Nelson and Minnie Carty and Yvonne Epps and Carolyn Taylor and Jean Scarborough and Gloria Moses and Hannah Fullman and Lydia Barnes and Sharon McDowell and Joyce Bryant and Angeline Polk and Betty Polk and Roberta Cirwithian and Lisa Peters and all other Unnamed Dissident Members of the Church of the Lord Jesus Christ of the Apostolic Faith, Appellants.
Commonwealth Court of Pennsylvania.
Argued May 18, 1999.
Decided October 20, 1999.
*752 Leon W. Tucker, Philadelphia, for appellants.
Fincourt B. Shelton, Darby, for appellees.
Before KELLEY, J., FLAHERTY, J., and JIULIANTE, Senior Judge.
KELLEY, Judge.
Appellants[1] appeal from a final order of the Court of Common Pleas of Delaware *753 County (Delaware County Court) which ordered that the dispute over the leadership of the "Church of the Lord Jesus Christ of the Apostolic Faith" is to be settled by an election. We vacate and transfer.
The complex nature and history of this case is as follows. The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. (Corporation) is a Pennsylvania nonprofit corporation sanctioned under the nonprofit laws of the Commonwealth and governed through the Pennsylvania Department of State, Corporation Bureau, with its principal place of business located at 701 South 22nd Street, Philadelphia, PA XXXXX-XXXX. The Corporation is the secular property-holding entity of the Church of the Lord Jesus Christ of the Apostolic Faith (Church), which is headquartered at the same address. The General Overseer, Apostle, or Bishop is the spiritual and administrative leader of the Church who also sits as the President of the Board of Trustees of the Corporation.
On October 13, 1991, the longtime President of the Corporation and General Overseer of the Church, Bishop S. McDowell Shelton, died. Thereafter, a bitter dispute arose over who has the legal right to control the Church and the Corporation. In December 1991 and January 1992, elections were held by the General Assembly[2] to determine control. Kenneth Shelton and his faction gained control. The elections were contested and litigation over rightful control of the Corporation then ensued in the Court of Common Pleas of Philadelphia County (Philadelphia County Court) among three sets of primary litigants: (1) Kenneth Shelton, Erik Shelton and the Trustees of the Corporation; (2) Fincourt Shelton and Anthoneé Patterson; and (3) Bishop Roddy J.N. Shelton, I (Bishop Nehemiah) and his son Roddy J.N. Shelton, II, (Roddy Shelton) in three separate actions in equity.[3] Philadelphia County Court consolidated the three actions for the purposes of discovery and trial and ordered that the trial proceed in a bifurcated fashion to determine the common issue of who is in rightful control of the Corporation. Following that determination, the matters were to be tried separately to completion.
Upon consideration of the motions, memoranda of law and oral arguments submitted by counsel, Philadelphia County Court ordered an election of the General Assembly to decide who are the lawful trustees in control of the Corporation. The court-ordered election was won by Kenneth Shelton and his faction. By order dated December 11, 1996, Philadelphia County Court ruled that Kenneth Shelton and his faction are the Trustees of the Corporation in rightful control of the assets of the Church and the Corporation.
On appeal to this Court,[4] we concluded that Philadelphia County Court committed an error of law in ordering an election to *754 determine the leadership of a nonprofit corporation and subsequently granting control on the basis of the election without first conducting a hearing on the merits of the case to determine if the issue of control could be resolved by neutral principles of law. By order dated January 29, 1998, we vacated the orders of Philadelphia County Court, ordering the election and affirming the results, and remanded the case for a full hearing on the merits. Resolution of this dispute is currently pending in Philadelphia County Court.
Following Kenneth Shelton's de facto ascendance to power in 1992, Bishop Nehemiah was "expelled" from the Church and the Corporation. Bishop Nehemiah and approximately 15,000 of his followers left Philadelphia and assembled in Delaware County, at 891 Main Street, Darby, under the Church's name (for purposes of this opinion we shall refer to this church as the "Darby Church"). In January 1994, Bishop Nehemiah died[5] and a dispute within the Darby Church arose over who should succeed Bishop Nehemiah. This dispute was between Roddy Shelton, the oldest son of Bishop Nehemiah, and Anthoneé Patterson.[6]
On September 14, 1994, Anthoneé Patterson, on behalf of the "Corporation" and members of the "Church" (collectively, Appellees)[7] filed a second amended complaint in equity in the Delaware County Court against Appellants.[8] The complaint alleged that Appellants had improperly removed and destroyed Darby Church property.
In 1996, a non-jury trial was held in Delaware County Court. Upon consideration of the testimony and evidence presented, the Delaware County Court, by order dated February 10, 1997, ordered that "the dispute over the leadership of the Church of the Lord Jesus Christ of the Apostolic Faith is to be settled by an election, it appearing that neither party is the proper party to control Church property, according to the Epistle." The parties filed post-trial motions and motions for reconsideration which were ultimately denied by the Delaware County Court on June 10, 1997. Appellants then filed a timely notice of appeal with the Superior Court of Pennsylvania which was transferred to this Court on December 22, 1998.[9] In this appeal, Appellants have raised the following issues for our review:
1. Are Appellees an identifiable entity to bring the cause of action in Delaware County?
2. Does Delaware County Court have jurisdiction over the religious matters raised in Appellees' complaint?
3. Did the Delaware County Court err in ordering an election of the church officers which was contrary to the church by-laws?
4. Are the by-laws and religious doctrine of the parties so intertwined that the order for the election of *755 officers violates the by-laws, and Appellants' religious doctrine?
5. Is the order for the election of the church officers entered by the Delaware County Court consistent with the averments pleaded in Appellees' complaint seeking return of property, or the proof offered at trial?
In addition to Appellants' appeal on the merits, this Court has also been presented a Motion to Remand, which was filed by Appellees on March 26, 1999. With this motion, Appellees seek to have the present appeal from Delaware County Court transferred to Philadelphia County Court and consolidated with the Philadelphia litigation for a trial on the merits on the issue of who has rightful control of the Corporation.[10]
On March 26, 1999, a Motion to Intervene was filed by the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., Kenneth N. Shelton, President of the Board of Trustees, and the Individual Members of the Board of Trustees (collectively referred to as "Kenneth Shelton"). By order dated April 14, 1999, this Court granted Kenneth Shelton's Motion to Intervene limited to the issues of (1) whether Kenneth Shelton was an indispensable party to the litigation in Delaware County Court, and (2) whether the Delaware County Court had jurisdiction over the matter. All parties were directed to brief and argue these issues. Before we can address the issues raised by Appellants in their appeal, or the Motion to Remand, we find it necessary to first address these jurisdictional issues.
An indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without impairing or infringing upon those rights. Sharkus v. Blue Cross of Greater Philadelphia, 494 Pa. 336, 431 A.2d 883 (1981); Columbia Gas Transmission Corp. v. Diamond Fuel Co., 464 Pa. 377, 346 A.2d 788 (1975). The failure to join an indispensable party deprives the court of subject matter jurisdiction. Huston v. Campanini, 464 Pa. 147, 346 A.2d 258 (1975). In the interest of justice, Pennsylvania law allows this objection to be raised at any time during the proceedings, even on appeal. Pa. R.C.P. No. 1032;[11]DeCoatsworth v. Jones, 536 Pa. 414, 639 A.2d 792 (1994); Reifsnyder v. Pittsburgh Outdoor Advertising Co., 396 Pa. 320, 152 A.2d 894 (1959); In Re Patterson's Estate, 341 Pa. 177, 180, 19 A.2d 165, 166 (1941) ("The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved...."); Moskowitz's Registration Case, 329 Pa. 183, 196 A. 498 (1938); In Re Simpson's Estate, 253 Pa. 217, 225, 98 A. 35, 38 (1916) ("It is never too late to attack a judgment or decree for want of jurisdiction. That question is always open."). The question of jurisdiction over the subject matter may even be raised sua sponte by the court. Huston; Tigue v. Basalyga, *756 451 Pa. 436, 438, 304 A.2d 119, 120 (1973) (Failure to join an indispensable party "goes absolutely to the court's jurisdiction and the issue should be raised sua sponte.").
"[I]f all necessary and indispensable parties are not parties to an action in equity, the court is powerless to grant relief." Huston 464 Pa. at 150, 346 A.2d at 259; Biernacki v. Redevelopment Authority of the City of Wilkes-Barre, 32 Pa. Cmwlth. 537, 379 A.2d 1366 (1977). An order of the court rendered in the absence of an indispensable party is null and void. Columbia Gas. "Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." Moskowitz's, 329 Pa. at 190, 196 A. at 502. When the absence of an indispensable party is determined, it is incumbent upon the court to dismiss. Pa. R.C.P. No. 1032(b).
In determining whether or not a party is indispensable, the Supreme Court has held that the following considerations are pertinent:
1. Do absent parties have a right or interest related to the claim?
2. If so, what is the nature of that right or interest?
3. Is that right or interest essential to the merits of the issue?
4. Can justice be afforded without violating the due process rights of absent parties?
Mechanicsburg Area School District v. Kline, 494 Pa. 476, 481, 431 A.2d 953, 956 (1981).
In applying the above considerations to the case at hand, we must first consider whether Kenneth Shelton has a right or interest related to Appellees' claims. Appellees, in their claim before Delaware County Court, are seeking the return of Darby Church property. Appellees' claims to the property are based upon Anthoneé Patterson's "control" of the Darby Church as well as the "Corporation," thereby making control of the corporation an issue to the litigation. Although Appellants ardently assert that the Delaware County litigation only involves an unincorporated dissident church association, the record below as well as the Delaware County Court's opinion[12] demonstrate that control of a corporate entity was involved. The question then is whether the corporate entity involved in Delaware County litigation is the same as the Corporation over which control is presently being litigated in Philadelphia County Court.
The pleadings as drafted by Appellees before the Delaware County Court and this Court, as well as the testimony and exhibits presented by Appellees, lead us to conclude that the entity involved is the Corporation. Appellees, in the original complaint as well as the second amended complaint, have identified the "Corporation" *757 as a plaintiff.[13] The name of the Corporation is included in the caption of the complaint. Although the averments of the complaint only identify the plaintiff as "a non-profit church group" (Reproduced Record (R.) 41a-42a), Appellees, throughout the proceedings, have consistently maintained that the plaintiff is an incorporated group.[14]
Before the Delaware County Court, Anthoneé Patterson testified that the church does not own any property and that all property is held and managed by the "Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Incorporated." Notes of Testimony (N.T.) August 7, 1996, p. 291-292. Patterson testified:
[T]he Church of the Lord Jesus Christ of the Apostolic Faith don't [sic] own anything. It's the church. It's the mystical body of Christ. That's what's sacred. That's what [sic] holy. The church has a corporation, the trustees of the general assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Incorporated. It is the entity that managed, have hold, [sic] received these real and personal properties in trust for the specific purpose that has been specified by the general assembly. That is what is the state part. It is governed by Pennsylvania law. It is governed by corporate law. It has articles of incorporation and it has by-laws. And it has a charter. That is what is the temporal side of the church.
N.T. (August 7, 1996) p. 291-292. Patterson further explained that the General Overseer is the president of the corporation. N.T. (August 7, 1996) p. 287, 292, 298; N.T. (August 8, 1996) p. 32. Patterson testified that he became General Overseer on May 27, 1994 following a vote of the General Assembly. N.T. (August 7, 1996) p. 286-287; N.T. (August 8, 1996) 113-114, 119.
Patterson testified and presented evidence that the corporation over which he is now the General Overseer was incorporated in 1947 in Pennsylvania with a principal place of business located 701 South 22nd Street in Philadelphia. N.T. (August 7, 1996) p. 279, 281; Plaintiff's Exhibit (P) No. 23. Patterson traced the origins of the corporation to the founder and first president, Bishop S.C. Johnson, who was *758 succeeded by Bishop S. McDowell Shelton in 1961. N.T. (August 7, 1996) p. 304-308.
Patterson testified that following his confirmation as General Overseer he amended the articles of incorporation and the corporate bylaws. N.T. (August 7, 1996) p. 281-282; P-23, P-24. With these amendments, filed May 28, 1994 with the Department of State, Corporation Bureau, Patterson changed, inter alia, the address of the corporation to 891 Main Street in Darby, Pennsylvania and the composition of the Board of Trustees. N.T. (August 7, 1996) p. 281-282; P-23, P-24.
It is clear from the above that the corporation described by Patterson over which he asserts control is the same as the Corporation over which control is presently being litigated in Philadelphia County Court. The name and origins of the two entities are identical, as are the original articles of incorporation.[15] Appellees are estopped from arguing that control of the Corporation is not an issue in the Delaware County litigation as Appellees through the pleadings, testimony and exhibits have clearly made control of the Corporation a decisive issue.[16]
Having determined that control of the Corporation is involved in the Delaware County litigation, we will now consider whether Kenneth Shelton has a right or interest related to the claim. Kenneth Shelton is asserting a claim of rightful control of the Corporation. Kenneth Shelton's claim is substantially similar to the claims asserted by Appellees in the Delaware County litigation and is therefore related for the purposes of this discussion.
The second inquiry is the nature of Kenneth Shelton's right or interest. Kenneth Shelton is the de facto leader of the Corporation and has been in continuous control of the Corporation since 1991. As such, Kenneth Shelton has a proprietary right and interest in maintaining this control.
The third factor is whether Kenneth Shelton's right or interest in the control of the Corporation is essential to the merits of the issue. Any determination over control directly impacts upon Kenneth Shelton's present control of the Corporation. Therefore, Kenneth Shelton's rights and interests in the matter are essential to the merits of the issue and such that a valid final judgment cannot be rendered without him.
The last consideration is whether justice can be afforded without violating the due process rights of absent parties. Kenneth Shelton has been deprived of an opportunity to be heard and to enforce and protect *759 his rights before the Delaware County Court. Justice cannot be afforded in his absence. Accordingly, we conclude that Kenneth Shelton's rights are so directly connected with and affected by the litigation that he is an indispensable party and must be made a party of record in this matter to protect his rights.
Despite Kenneth Shelton's status as an indispensable party, Kenneth Shelton was not joined as a party in the Delaware County litigation, nor was he provided with notice of the litigation. As a result of Kenneth Shelton's absence, the Delaware County Court was without subject matter jurisdiction to render a decision in this matter. Ordinarily, where the lack of jurisdiction of the court due to the absence of an indispensable party is discovered after the case has been appealed, the appellate court may order the indispensable party to be joined and direct the trial court to rehear the case. Wilkinsburg v. Horner, 88 Pa.Cmwlth. 594, 490 A.2d 964 (1985). We, therefore, order that Kenneth Shelton be joined as a party to this action. However, given the unique nature of this case and the fact that the common issue of control is presently being tried in three consolidated matters in Philadelphia County Court, wherein all three sets of litigants are involved, we believe that judicial economy would be served by transferring this case to Philadelphia County Court to be consolidated with the cases therein for a determination on the issue of rightful control of the Corporation. Once this issue is determined, the present case shall proceed separately to completion, if necessary, in Philadelphia County Court.
Accordingly, the order of the Delaware County Court is vacated for failure to join an indispensable party and Appellees' Motion to Remand, which requested that the instant matter be transferred to Philadelphia County Court, is granted.[17]

ORDER
AND NOW, this 20th day of October, 1999:
1. The order of the Delaware County Court of Common Pleas, at No. 94-3271, dated February 10, 1997, is vacated for failure to join an indispensable party.
2. The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., Kenneth N. Shelton, President of the Board of Trustees, and the Individual Members of the Board of Trustees are hereby joined as a party to this action.
3. The Motion to Remand in the nature of a motion to transfer, filed by Appellees, is granted.
4. This matter is transferred to the Court of Common Pleas of Philadelphia County to be consolidated with the actions at Docket Nos. 9206-1887, 9407-0914, and 9408-3654 for disposition of the common issue of control of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. Upon determination of this issue, the present case shall proceed separately to completion, if necessary, in Philadelphia County Court.
Jurisdiction relinquished.
NOTES
[1] Appellants are Roddy J.N. Shelton, II, George Leaks, Hall Cirwithian, Grant Cirwithian, Rafael Yelventon, William Ragsdale, Sr., Arthur Hair, Warren Coles, William, Ragsdale, Jr., John Bryant, Lonce Scott, James Simmons, Anderson Ingram, Christopher Knight, Donald Polk, Bryant Ragsdale, Levi Peters, Bernard Jamison, Frank Matthews, Marcus Nelson, Minnie Carty, Yvonne Epps, Carolyn Taylor, Jean Scarborough, Gloria Moses, Hannah Fullman, Lydia Barnes, Sharon Mcdowell, Joyce Bryant, Angeline Polk, Betty Polk, Roberta Cirwithian, Lisa Peters, All Other Unnamed Dissident Members of the Church of the Lord Jesus Christ of the Apostolic Faith.
[2] The General Assembly is the annual session of the church body.
[3] The three actions are:

(1) Fincourt B. Shelton, As Minister Asher Ben Judah, Treasurer of the General Assembly of the Church of the Apostolic Faith, Inc. & Fincourt B. Shelton, Individually and on behalf of All Members of the Church Aggrieved By the Actions of Kenneth Shelton and Erik Shelton v. Kenneth Shelton, Erik Shelton and Trustees of the General Assembly, June Term 1992 No. 1887.
(2) Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Fincourt Shelton and Anthoneé J. Patterson and George E. Patterson, Sr. and A. Leah Gregory, July Term 1994 No. 0914.
(3) Church of the Lord Jesus Christ of the Apostolic Faith and Roddy J. Nelson Shelton, I, General Overseer, and Roddy J. Nelson Shelton, II, Trustee, and Frank Matthews, Trustee v. Kenneth Shelton and Erik Shelton and Alonzo Woodard Regan and John Carlton Thomas and Daniel Bowens and George Brown, Individually and As Trustees of the Church of the Lord Jesus Christ of Apostolic Faith, Inc., August Term 1994 No. 3654.
[4] Commonwealth Court Docket Nos. 126 C.D. 1997, 127 C.D.1997, 128 C.D.1997.
[5] The Delaware County Court found that Bishop Nehemiah was the President of the Corporation and General Overseer of the Church from October 13, 1991 to January 17, 1994, the date of his death.
[6] Anthoneé Patterson is represented by attorney Fincourt Shelton in this matter. Fincourt Shelton and Anthoneé Patterson are named defendants in the matter pending before Philadelphia County Court at July Term 1994 No. 0914. Fincourt Shelton is also the named plaintiff in the matter pending before Philadelphia County Court at June Term 1992 No. 1887. See footnote 3.
[7] Appellees are the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., Anthoneé J. Patterson, Kevin Brooks, Roland Patterson, Tammie Brooks, as members, and Unnamed Members of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith.
[8] Patterson's original complaint was filed on March 29, 1994. Following preliminary objections, a second amended complaint was filed on September 14, 1994.
[9] This Court has jurisdiction over this matter pursuant to Section 762(a)(5) of the Judicial Code, 42 Pa.C.S. § 762.
[10] As Appellees seek to transfer this case to the Court of Common Pleas of Philadelphia County rather than remand the case to Delaware County Court, we shall treat this motion as an application to transfer.
[11] Pa. R.C.P. No. 1032 provides:

(a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except... the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim and any other nonwaivable defense or objection.
(b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction or that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.
[12] In an effort to determine who is in rightful control of the property, the Delaware County Court found it necessary to determine rightful control of the secular property-holding branch of the Darby Church. Although the Delaware County Court stated in its order and supporting opinion that the dispute over the leadership of "the Church of the Lord Jesus Christ of the Apostolic Faith" is to be settled by an election, it is clear from the Court's opinion that leadership of the corporate entity was intended to be settled. The Delaware County Court stated that "this is a dispute over who should control the property of the church, not who should be the spiritual leader." Delaware County Court Opinion, p. 5. The Court recognized that the "corporation is the secular, property-holding branch" of the church. Id. at 3.

While all parties agree that the spiritual leader of the Church also serves as the President of the Corporation, the distinction between the two offices should not be blurred as courts of this Commonwealth are not empowered to determine who is the spiritual leader of the church, but may determine who is in rightful control of the corporate entity. Poesnecker v. Ricchio, [158 Pa.Cmwlth. 459] 631 A.2d 1097 (Pa.Cmwlth.1993), petition for allowance of appeal denied, 538 Pa. 651, 647 A.2d 905 (1994).
[13] Appellees filed the original complaint in Delaware County Court on March 29, 1994 and the second amended complaint on September 14, 1994. In the interim, Kenneth Shelton and Erik Shelton on behalf of the Corporation filed (1) a Complaint in Equity, Fraud and Conversion and (2) a Petition for Special Relief in the Nature of a Temporary Restraining Order and Preliminary Injunction against Fincourt Shelton and Anthoneé Patterson in Philadelphia County Court (July Term 1994 No. 0914) seeking to enjoin Fincourt Shelton, Anthoneé Patterson and the other named defendants from interfering with corporate assets and from holding themselves out as representatives of the Corporation.

By order dated July 13, 1994, Philadelphia County Court granted a temporary restraining order enjoining Fincourt Shelton and Anthoneé Patterson from representing to anyone that they are the current representatives of the Corporation, that the address of the Corporation has changed and from interfering with corporate assets. Upon the expiration of the temporary restraining order, the parties entered into a consent order on August 5, 1994, wherein Fincourt Shelton and Anthoneé Patterson agreed to "cease and desist, directly or indirectly, from interfering with any and all monies, accounts, credit cards or any other assets of the [Corporation]." Fincourt Shelton and Anthoneé Patterson, however, did not agree to refrain from representing that they are the current representatives of the Corporation or that the address of the Corporation has changed. The parties have not presented this Court with any evidence to the contrary.
[14] At the hearing on November 25, 1996, Appellants moved for a non-suit on the basis that Appellees failed to properly bring an action on behalf of an unincorporated church group in accordance with Rule 2152 of the Pennsylvania Rules of Civil Procedure. In response to Appellants' motion, Appellees advised the Delaware County Court that "the church is an incorporated group" and presented the Court with corporate documents as evidence. N.T. (November 25, 1996) p. 33-35.
[15] We note that Appellees could have filed articles of incorporation for a "new" church corporation based in Darby, Pennsylvania. Instead, Appellees chose to amend the articles of incorporation for the original Corporation, despite the ongoing litigation over control in Philadelphia County Court. We believe that Appellees' actions in this regard constitute an unscrupulous, if not fraudulent, attempt to deceive the Corporation Bureau, the Delaware County Court and this Court in an effort to gain a favorable judgment.
[16] Appellees' pleadings and briefs as drafted by attorney Fincourt Shelton are so rife with inconsistencies and contradictions that it is difficult for this Court to ascertain Appellees' position. Before the Delaware County Court, Appellees consistently maintained that they were entitled to the property based upon their "control" of the Corporation. Appellees presented testimony and evidence identifying the Corporation as a plaintiff and showing that Anthoneé Patterson is the General Overseer in control of the Corporation.

Before this Court, however, Appellees' position has been anything but clear. For example, in the Motion for Remand, Appellees assert that the Delaware County Court appeal involves two parties with the same issues that are pending in Philadelphia County Court and requests that this Court transfer the Delaware County matter to Philadelphia County Court so that the matters can be consolidated for a trial on the merits on the issue of who has rightful control of the Corporation in Philadelphia County Court. And yet, in the response and brief in opposition to Kenneth Shelton's Motion to Intervene, Appellees maintain that the Delaware County case has no bearing on the Philadelphia litigation and asserts that the Delaware County litigation only involves possession of church property not who has the right to lead and control the Corporation.
[17] We decline to address the substantive issues raised by Appellants due to the absence of an indispensable party.