J-A29003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AURIC INVESTMENT HOLDINGS, LLC | : | |
| | : | |
| Appellant | : | No. 1998 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2019,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-SA-0000081-2019.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY KUNSELMAN, J.:**FILED JANUARY 26, 2021**

Because subject matter jurisdiction over this case lies exclusively with

the Commonwealth Court, I respectfully dissent.

As this Court recently noted:

> Subject matter jurisdiction "relates to the competency of the individual court ... to determine controversies of the general class to which a particular case belongs." **Green Acres Rehab. & Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1268 (Pa. Super. 2015). "The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved ...." **In re Patterson's Estate**, 341 Pa. 177, 19 A.2d 165, 166 (1941). Moreover, it is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void ...." **Com. ex rel. Howard v. Howard**, 138 Pa. Super. 505, 10 A.2d 779, 781 (1940).  The question of subject matter jurisdiction may be

_____

[*] Retired Senior Judge assigned to the Superior Court.

raised at any time, by any party, or by the court *sua sponte*. ***Grimm v. Grimm***, 149 A.3d 77, 82 (Pa. Super. 2016).

***Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.***, 210 A.3d 1064, 1067-68 (Pa. Super. 2019).

The majority acknowledges that this case properly lies in the Commonwealth Court under 42 Pa.C.S.A. § 762(a)(4)(a)(B), (Majority at *1, n.1), yet my colleagues dispose of the case anyway. This court *sitting en banc* last year observed that we should first address whether we have jurisdiction before proceeding with any case. ***Mohn v. Bucks County Republican Committee***, 218 A. 3d 927, 933 (Pa. Super. 2018). Indeed, we specifically overruled a case to the extent it stood for the proposition that this Court could entertain appeals involving matters within the exclusive jurisdiction of the Commonwealth Court. ***Id.*** at 934.

Although I agree with the majority's analysis and I appreciate the desire to resolve cases expeditiously, because this case clearly lies within the **exclusive** jurisdiction of the Commonwealth Court, I believe we should follow our *en banc* precedent and transfer this matter to the Commonwealth Court.