J-S02004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. LYNCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH ZWECHAROWSKI | : | |
| | : | |
| Appellee | : | No. 1041 EDA 2021 |

Appeal from the Order Entered February 19, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160702062

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 3, 2022**

Appellant, John J. Lynch, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying his petition to strike and/or open summary judgment. We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] is an inmate that resides at SCI Camp Hill…. [Appellant] initiated this case against [Appellee, Joseph Zwecharowski,] on July 21, 2016. On November 22, 2016, [Appellant] filed his Third Amended Complaint against [Appellee] arising from a dispute between tenants in [Appellee's] duplex residential property.
>
> On December 8, 2016, [Appellee] filed Preliminary Objections to [Appellant's] Third Amended Complaint. [Appellee] certified that, on December 8, 2016, [Appellee] served the Preliminary Objections upon [Appellant] by electronically filing them as well as by mailing a copy of them by regular first class mail. [Appellant] did not file a response to [Appellee's] Preliminary Objections. On

January 6, 2017, the trial court granted [Appellee's] Preliminary Objections in part and struck all claims for housing discrimination, allegations of recklessness, claims for punitive damages, and all references to State Farm Insurance from [Appellant's] Third Amended Complaint with prejudice.

On February 20, 2018, [Appellee] filed a Motion to Remove Case from Deferred Status ("Motion to Remove"). [Appellee] certified that, on February 20, 2018, [Appellee] served the Motion to Remove upon [Appellant] by electronically filing it as well as by mailing a copy of it to [Appellant] by regular first class mail. [Appellant] did not file a response to [Appellee's] Motion to Remove. On March 23, 2018, the trial court granted [Appellee's] Motion to Remove.

On April 17, 2018, [Appellee] filed a Motion for Summary Judgment. [Appellee] certified that, on that same date, [Appellee] served the Motion for Summary Judgment upon [Appellant] by electronically filing the Motion as well as mailing a copy of the Motion for Summary Judgment to [Appellant's address] by regular first class mail. [Appellant] did not file a response to [Appellee's] Motion for Summary Judgment. On May 22, 2018, the trial court granted [Appellee's] Motion for Summary Judgment.

*Lynch v. Zwecharowski*, No. 1887 EDA 2018, unpublished memorandum at 1 (Pa.Super. filed Mar. 15, 2019) (quoting Trial Court Opinion, 8/2/18, at 1-2), *appeal denied*, 656 Pa. 431, 221 A.3d 1202 (2019). On June 8, 2018, Appellant timely filed a notice of appeal. This Court dismissed the appeal on March 15, 2019, based on numerous deficiencies in Appellant's brief. *See id.* On December 11, 2019, our Supreme Court denied allowance of appeal. *Id.*

On January 23, 2020, Appellant filed a petition to strike and/or open summary judgment, raising many of the same issues that he argued in his 2019 appeal to this Court. The trial court denied Appellant's petition on

February 19, 2020 as procedurally improper, noting that Appellant already had a chance to present these claims on direct appeal. This appeal followed.[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issues for our review:

Were there genuine issues in controversy that were not resolved in order for a summary [judgment] to be entered?

Is it, gravely wrongful or flawed conduct or process, constituting fraud upon the [c]ourt to make false and misleading representations of facts and circumstances in pleadings and/or motions?

Is it, gravely wrongful or flawed conduct or process constituting fraud upon the [c]ourt to mail pleadings/motions, containing dubious and/or false and misleading information, to an address the adverse party knows, reasonably should have known, and/or otherwise has constructive notice that the addressee is not residing at that address due to his arrest and imprisonment, and then make certificate of service that the adverse party had properly served the other party, while having knowledge the other party would not receive notice, those pleadings and not be afforded an opportunity to respond?

Did the [trial court] abuse its discretion with grievous

_____

[1] Appellant's *pro se* notice of appeal is dated March 10, 2020, although it was not docketed until well after the 30-day appeal period. In response to this Court's rule to show cause, Appellant claimed the delay in docketing occurred due to delays in the prison mail system and the Philadelphia trial court's filing office as a result of the COVID-19 pandemic. We deem Appellant's filing timely under these circumstances. *See* ***Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

oversight in denying [Appellant] appointment of counsel with leave of the [c]ourt to amend complaint with counsel for this cause of action upon claims of 42 USCS § 3604 F-1, and 42 USCS § 3617, violations for retaliation eviction, and the strong arm self-help eviction campaign, defendant acquiesced to by the non program tenants pursuant to the U.S. Fair Housing Act, 42 USCS § 3613, C?

Is [Appellant] a person protected by 42 USCS § 3604, F-1, when this case was initiated?

Did, trial Court deprive [Appellant] after being granted [*in forma pauperis*] status in complaint claiming acts of violence, [U.S. Department of Housing and Urban Development-VA Supportive Housing] residency, and violation, of 42 USCS § 3617 in the Fair Housing Act, "due process of law," denying [Appellant]'s uncontested motion for appointment of counsel pursuant to 42 USCS § 3613 b(1), in state Court action, pursuant to: 42 USCS § 3613, a 1(A), without a hearing where the matter was not dismissed as frivolous with prejudice?

Did, the [trial court] have subject matter jurisdiction to enter summary [judgment] prior to the remand by the U.S. District Court from removal proceedings in that Court?

In light of the obvious lack of jurisdiction on the face of the docket; did, the [trial court] abuse [its] discretion, with grievous oversight of the lack of jurisdiction claim?

(Appellant's Brief at unnumbered pp. 11-13) (reordered for purposes of disposition).

Preliminarily, we recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.*** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the

- 4 -

contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Importantly, where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. **Butler v. Illes**, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). **See also Lackner v. Glosser**, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); **Estate of Haiko v. McGinley**, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of

law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant's brief fails to conform to the briefing requirements set forth in the Rules of Appellate Procedure. At the outset, Appellant's statement of questions raises eight issues, his summary of the argument section presents four issues, and the argument section appears to raise seven issues. **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued and shall have at head of each part, particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent). Although Appellant cites various statutes and cases throughout the argument section, he does not explain what propositions of law those statutes and cases stand for or how they apply to the facts of his case. **See id.**

Additionally, Appellant cites federal law and cases from other jurisdictions which are not binding on this Court in any event. **See generally Griesser v. National R.R. Passenger Corp.**, 761 A.2d 606, 612 n.7 (Pa.Super. 2000), *cert. denied*, 534 U.S. 970, 122 S.Ct. 386, 151 L.Ed.2d 295 (2001) (recognizing that decisions from federal district courts, federal circuit courts, and out-of-state courts are not binding on this Court, even in cases involving federal substantive law). Appellant's failure to develop cogent arguments with citation to relevant legal authority renders the majority of his

claims waived on appeal.[2] *See Lackner, supra*; *Estate of Haiko, supra*; *Butler, supra*.

Nevertheless, in his seventh and eighth issues combined (as reordered), Appellant argues the trial court lacked subject matter jurisdiction to enter summary judgment in this matter. "The question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." *Strasburg Scooters, LLC v. Strasburg Rail Rd., Inc.*, 210 A.3d 1064, 1067 (Pa.Super. 2019). "The want of jurisdiction over the subject-matter may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved unless there is an estoppel to raise the question." *In re Patterson's Estate*, 341 Pa. 177, 180, 19 A.2d 165, 166 (1941). Thus, notwithstanding any deficiencies in Appellant's brief, we will address these claims.

Appellant argues that prior to the trial court's entry of summary judgment, Appellant petitioned the United States District Court for the Eastern District of Pennsylvania to remove the matter to federal court. Appellant asserts that his petition automatically removed the matter to the district court

---

[2] Moreover, we observe that Appellant's first six issues (as reordered in the statement of questions presented) appear to allege error with the trial court's grant of summary judgment. We reiterate that Appellant has already exhausted his appeal rights concerning the court's grant of summary judgment.

and the trial court was without jurisdiction to take any further action until the matter was remanded by the district court. Appellant insists the district court did not remand the matter to the trial court until July 6, 2018, and any action taken by the trial court prior to remand is null and void. Appellant concludes the trial court lacked subject matter jurisdiction to enter summary judgment on May 22, 2018, while his petition for removal was still pending before the district court, and this Court must grant him relief. We disagree.

Section 1446 of the United States Judicial Code sets forth the procedure for removal of civil actions from state court:

### § 1446. Procedure for removal of civil actions

**(a) Generally.**—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

\* \* \*

**(d) Notice to adverse parties and State court.**— Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(a), (d).

This Court has explained:

> The federal court's assertion of removal jurisdiction places the state court's jurisdiction in a state of suspension until such time as the federal court remands the case to state court…. Any proceedings that occur in the state court between the filing of a copy of the federal removal petition in the state court and the reinvestment of jurisdiction that occurs upon the remand of the case to the state court are void.

*Lynn v. Aria Health Sys.*, 227 A.3d 22, 29 (Pa.Super. 2020). Nevertheless, strict compliance with the requirements of Section 1446(d) is required to complete the removal process, as "the requirements of filing of petitions for removal with the clerk of the state court and the giving of notice to the adverse party were not 'modal' or 'formal' but mandatory conditions precedent to the termination of state court jurisdiction." *Crown Const. Co. v. Newfoundland Am. Ins. Co.*, 429 Pa. 119, 126, 239 A.2d 452, 455 (1968). Therefore, "until [p]rompt notice is given and a copy of the removal petition [p]romptly [is] filed with the clerk of the state court, the state court retains its jurisdiction." *Id.*

Instantly, the record demonstrates that Appellant failed to comply with Section 1446(d). Although Appellant contends in his brief that he filed and mailed a copy of his removal petition to Appellee's counsel and the Philadelphia County Court of Common Pleas Prothonotary's Office prior to the court's entry of summary judgment, the record does not support this claim. The first and only indication on the docket that Appellant attempted to remove this matter to federal court is the memorandum filed by the district court remanding the matter to state court on July 6, 2018. Furthermore, in its

memorandum, the district court states that Appellant filed his petition to remove the instant matter on May 23, 2018, which is one day **after** the trial court entered summary judgment. (**See** District Court Memorandum, filed July 6, 2018, at 1). As the record does not demonstrate that Appellant filed the removal petition in federal court or filed a copy of the removal petition with the state court prior to the entry of summary judgment, we see no jurisdictional impediment to the trial court's entry of summary judgment on May 22, 2018. **See Crown Const. Co., supra**. Accordingly, Appellant's seventh and eighth issues lack merit, and we affirm the trial court's order denying Appellant's petition to open judgment.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022

---

[3] On November 22, 2021, Appellant filed an application for relief requesting that this Court decline to dismiss the instant appeal due to deficiencies in Appellant's brief. Based on our disposition, we deny Appellant's application for relief as moot.