639 A.2d 792

**Charles DeCOATSWORTH, Appellee,**

v.

**Louis E. JONES, Appellant.**

**Louis E. JONES, Appellee,**

v.

**Alan D. ALPER, F. Russell Curtiss, III, Frankford Abstract Company, Commonwealth Land Title Insurance Company.**

**Appeal of Alan D. ALPER.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1993.

Decided March 28, 1994.

Reargument Denied May 24, 1994.

---

Allan K. Marshall, Philadelphia, for L.E. Jones.

Alan D. Alper, pro se.

Rania M. Major, Philadelphia, for Alper.

Charles DeCoatsworth, pro se.

Before NIX, C.J. and FLAHERTY, ZAPPALA, PAPADAKAS, CAPPY, and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The ultimate issue in this appeal is whether in the sale of real property owned by the entireties, in which an estranged husband and wife separately convey their respective interests to a third party, the wife must be joined as an indispensable party in the husband's suit for fraud against the third party.

The residence of Louis Jones was listed for sheriff's sale on December 5, 1983. Jones had not paid a municipal lien for the improvement of the street in front of his house in the amount of $400. Because of his failure to pay, the lien was increased to $1700 when interest and costs were added.

Alan Alper was in the business of arranging financing for homeowners who were in danger of losing their homes. Two

days before the scheduled sale, Jones met with Alper and his associate, one DeCoatsworth, a real estate investor.

As a result of this meeting, Jones and Alper executed an agreement of sale for Jones' house. The agreement provided that Alper, acting through a real estate investor, would buy Jones' house for $1.00, satisfy other debts which were secured by the property, and refinance the property. In return, Jones executed a deed to the property with the understanding that he had the option to lease the house for $300 per month, purchase the property outright, or enter into a lease-purchase option in which the rental payment would be applied to the purchase price.

Because Jones' estranged wife, Odessa, was not at the meeting, Alper approached her separately the day after his meeting with Jones, and paid her $1,000 in return for which she executed a deed. Odessa had not lived at this address for twenty years. The next day, Alper paid the judgment lien and effected a stay of the sheriff's sale.

Alper discovered that there were two mortgages on the property for which he was obligated under the terms of the sales agreement. He did not pay these obligations and the mortgages remained unsatisfied. At settlement, on January 4, 1984, the consideration was shown to be $10,000, not $1.00 as agreed, and Alper effected the assignment of the deed to DeCoatsworth as security for the $1,700 DeCoatsworth had paid to satisfy the municipal lien. Jones received nothing from the sale to DeCoatsworth.

Later in January Jones received a communication from DeCoatsworth stating the three options under their sales agreement for remaining in the house. The purchase price of the house was $15,000, which was to be paid over twenty years at fourteen percent interest, the prevailing rate at the time. Since Jones himself subsequently satisfied the mortgages, the $15,000 did not include payments made by DeCoatsworth to satisfy the mortgages. Among other things, the $15,000 covered a $5,000 profit to DeCoatsworth, a $3,175 fee to Alper, and the $1,000 paid to Odessa.

Jones refused to pay any sums to DeCoatsworth although he remained in the house, rent-free. In September of 1984 DeCoatsworth sued to evict Jones and Jones counterclaimed, alleging fraud in the transaction which deprived him of his property. Neither party joined Odessa, Jones' estranged wife. The jury rejected DeCoatsworth's eviction claim, and awarded Jones $35,000 damages, allowing him to remain in the house rent-free. Title to the property remained in DeCoatsworth. Posttrial motions were denied and DeCoatsworth appealed to Superior Court, seeking reversal on the grounds that the jury allowed DeCoatsworth neither to evict Jones nor to charge him rent. On August 28, 1989, Superior Court affirmed the lower court, with Judge Kelly dissenting. Judge Kelly would have required Jones either to rescind the contract, thus retaining ownership of his home, or affirm the contract, leave his home, and elect damages. As Judge Kelly indicates, although DeCoatsworth retained title to the property, Jones received both full damages *and* continued possession of his home.

DeCoatsworth petitioned this court for allowance of appeal, and on August 20, 1990, we denied allocatur.

Meanwhile, on December 31, 1985, Jones also initiated suit against Alper, alleging fraud. Alper demanded that Odessa be joined as an indispensable party, but Jones failed to comply and the court deferred the matter until after trial. The jury found that Alper defrauded Jones and awarded compensatory damages of one dollar and $18,000 in punitive damages. The trial court granted Alper's post-trial motions for J.N.O.V. on the grounds that Odessa was an indispensable party and she had not been joined. The trial court's theory was that the fraud had been committed upon the entireties and, therefore, the lawsuit required the presence of Jones' wife. Jones argued that when title was transferred to DeCoatsworth, the entireties estate ended and that he was entitled to pursue his personal tort claim without joining his wife.

Jones appealed the *Alper* case to Superior Court, which, in a memorandum opinion of January 10, 1992, reversed. The court reasoned that since the conveyance terminated the estate by the entireties and Jones affirmed the conveyance, it

was error for the trial court to conclude that the fraud was committed upon the entireties and that Odessa was an indispensable party. Superior Court vacated the entry of J.N.O.V. and reinstated the jury verdict.

Shortly after allocatur was denied in the *DeCoatsworth* case in August of 1990, on November 9, 1990, DeCoatsworth petitioned *pro se* to strike the trial court's judgment for lack of subject matter jurisdiction over Jones' counterclaim. For the first time, DeCoatsworth claimed that because Jones and Odessa owned the property as tenants by the entireties, Odessa was an indispensable party. The petition to strike was denied and Jones was awarded $2,500 counsel fees on the ground that DeCoatsworth had filed a "blatantly frivolous" petition. The trial court reasoned that DeCoatsworth was at all times aware of Odessa's involvement; that Odessa was available as a witness; that DeCoatsworth should have raised the indispensable party claim before trial, during trial or on post-verdict motions; that there is no reason to believe the outcome would have been different had Odessa been joined, since her involvement was simply selling her interest in the property; that DeCoatsworth's petition to strike was an abuse of the system in that he was attempting to relitigate his case after having lost at trial, before Superior Court and after having the Supreme Court deny allocatur; and that the court of common pleas may not have jurisdiction under Pa.R.A.P. 1701.

DeCoatsworth then appealed this decision to Superior Court, his second appeal in this case. A panel of Superior Court reversed the trial court's determination that Odessa was not an indispensable party. It reasoned that one must be joined who otherwise, not bound by the decree, might assert a demand against the defendant which would be inequitable after the defendant performed under the decree; that as Jones was alleging fraud in the sale of entireties property, his wife was essential, for Jones and his wife were "an indivisible whole"; that Jones could not himself affirm the contract and elect money damages as a remedy, for he was not the only owner of the property; that DeCoatsworth did not waive his

claim because Pa.R.C.P. 1032 requires a court to dismiss a claim in which an indispensable party has not been joined "whenever" it arises; that it is never too late to raise a claim that the court had no jurisdiction; that Odessa cannot now be joined as an indispensable party as the statute of limitations for fraud had expired; and that the lower court misapplied the law in DeCoatsworth's petition to strike. Accordingly, Superior Court reversed the lower court's order denying the petition to strike judgment and requiring payment of attorney fees.

We granted allocatur both to Jones in the *DeCoatsworth v. Jones* case and to Alper in the *Jones v. Alper* case in order to resolve the conflict between the two panels of Superior Court.

The issues which arise in these cases are (1) whether the *DeCoatsworth v. Jones* panel had jurisdiction to consider the petition to strike judgment and (2) whether Odessa was an indispensable party.[1]

■ The first issue is whether any court had jurisdiction to rule on the petition to strike judgment in *DeCoatsworth v. Jones*. The petition to strike, which was filed after allocatur had been denied, was based on the allegation that there was a failure to join an indispensable party, an issue that was raised for the first time. If this allegation were sustained, the judgment in Jones' favor would be invalid because the court would have been required by Pa.R.C.P, 1032 to dismiss the action.[2]

The trial court, in ruling on the denial of DeCoatsworth's petition to strike, stated:

1. We derive this statement of the issues from a study of the various lower court opinions, since the briefs were singularly unhelpful. Two of the three are *pro se,* and the third brief may as well have been.

2. Pa.R.C.P. 1032 provides:

    A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except

    \*   \*   .\*   \*   \*   \*

    (2) that whenever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action.

    Pa.R.C.P. 1032.

When absence of an indispensable party is apparent, it is incumbent upon the court to dismiss. Pa.R.C.P. 1032(2). In the interest of justice, Pennsylvania law allows this objection to be raised at any time during the proceedings. Pa.R.C.P. 1032(1); See also *Goodrich Amram 2d.,* sec. 1032.7 (1976). The right to challenge a Court's jurisdiction over subject matter is permitted at any time or sua sponte by the Court, including the Supreme Court. *Daly et al., Appellants, v. Darby township School Dist.,* 434 Pa. 286, 289, 252 A.2d 638 (1969). However, neither *Goodrich Amram 2d* nor *P.L.E.,* nor any other authority claims an objection on subject matter jurisdiction grounds can be raised *after the proceedings are concluded.*

*DeCoatsworth v. Jones,* Slip Op. filed Aug. 22, 1991, 2–3.

In reversing, Superior Court stated:

In denying DeCoatsworth's petition to strike the judgment, the motions court relied heavily on the argument that once the process of direct appeals has been completed, in the interest of finality of judgments and judicial economy, no further petitions relating to the same case can be heard. The motions court also believed it lacked jurisdiction to review the issue presented, stating in its opinion: "There is no case law directly on point to confirm this Court's suspicions that it lacks jurisdiction. Once the Supreme Court denied allocatur a logical and practical interpretation would indicate litigation has been terminated." We cannot agree.

"[I]t is never too late to attack a judgment or decree for want of jurisdiction. That question is always open." *In Re Simpson's Estate,* 253 Pa. 217, 225, 98 A. 35, 38 (1916). "Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." *Moskowitz's Registration Case,* 329 Pa. 183, 190, 196 A. 498, 502 (1938). "The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and *it is fatal at any stage of the proceedings, even when collaterally involved....*" *In*

*Re Paterson's Estate,* 341 Pa. 177, 180, 19 A.2d 165, 166 (1941) (emphasis added). Moreover, is [sic] "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time." *Com. ex rel. Howard v. Howard,* 138 Pa.Super. 505, 508, 10 A.2d 779, 781 (1939).

*DeCoatsworth v. Jones,* 414 Pa.Super. 589, 604, 607 A.2d 1094, 1101. (Emphasis in original.)

As this court stated in *Sklar v. Harleysville Ins. Co.,* 526 Pa. 617, 622–23, 587 A.2d 1386, 1389 (1991):

A petition to open or strike a judgment is addressed to a court's equitable powers.

Concerning petitions to strike, 12 *Standard Pennsylvania Practice 2d* provides:

Striking off a judgment is a proper remedy for fatal errors or irregularities which appear on the face of the record or the judgment. A judgment may be stricken only where the circumstances which are relied on to establish that the judgment was improperly or irregularly entered do in law have that effect.

Section 71:177.

A judgment may be stricken off where it is entered in favor of the wrong person; where it is entered in favor of an entity which is not recognized by the law as a legal entity . . .

Section 71:198. Here, the alleged irregularity of record is that Odessa does not appear as a party in the case.

Because the alleged defect stated in a petition to strike is one which appears on the face of the record, we agree with Superior Court that the court had jurisdiction to consider the petition.

■ Whether the petition to strike judgment has merit, however, is another question. Superior Court in ruling on the petition to strike, held that it was Jones's burden to join

Odessa, for she was an indispensable party in his counterclaim for fraud:

> Louis [Jones] cannot claim that there was fraud in the transaction which deprived him of title to his house and simultaneously assert that the entireties estate was terminated by his and his wife's joint conveyance in that same transaction. *The very fraud that caused the jury to award Louis $35,000.00 in damages is the same fraud that invalidated the joint conveyance that Louis claims destroyed the entireties estate.* The titleholders of the property, Louis and Odessa Jones as tenants by the entireties, were both victims of the fraud in the transaction, and any suit or counterclaim by the titleholder must include Louis *and* Odessa.

*Decoatsworth v. Jones,* 414 Pa.Super. 589, 599, 607 A.2d 1094, 1099. (Emphasis in original.)

■ We disagree. Husband and wife holding real property by the entireties may sever the estate during their lifetime only by joint acts, such as joint conveyance, divorce, or agreement. *Clingerman v. Sadowski,* 513 Pa. 179, 183–84, 519 A.2d 378, 381 (1986). Here, Jones and his estranged wife jointly conveyed their interest in the real estate and thereby severed the entireties estate. Jones' complaint, both in the *DeCoatsworth* case and also in the *Alper* case, sought damages, not the restoration of his interest in the property. His suit was for an alleged injury personal to him, not to the entity which had formerly owned the real estate.

■ We conclude, therefore, that Odessa is not an indispensable party on account of her status as a member of a tenancy by the entireties, but it remains to consider whether she may be indispensable for some other reason.

Recently this court has addressed the question of what considerations are required in determining whether a party is indispensable. Reaffirming the basic approach of *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981), we held that at least the following considerations are pertinent:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Cry, Inc. et al. v. Mill Service,* 5 W.D. Appeal Docket 1993, 536 Pa. 462, 467, 640 A.2d 372, 375 (1994).

The first consideration under this analysis is whether Odessa has a right or interest related to Jones' claim. Odessa relinquished her interest in the property in exchange for $1,000 as part of the same transaction in which it was determined that Jones was defrauded. If she has a claim at all, it would be related to Jones' claim in that it arose from the same transaction.

The second inquiry is the nature of Odessa's right or interest. Presumably, her interest would be a claim that she was defrauded in the sale of her property rights.

The third factor is whether Odessa's right or interest is essential to the merits of the issue. Clearly, whatever claim she might have asserted has nothing to do with whether Jones prevails in his claim. Although Odessa and Jones separately dealt with the same man concerning the same property, their individual interests have nothing to do with each other.

The last consideration is whether justice can be afforded without violating the due process rights of absent parties. By the time DeCoatsworth filed his petition to strike judgment in 1990, the statute of limitations for fraud with respect to Odessa had expired. Odessa was barred from suit at that point and she could not, therefore, have been joined as a party. No due process rights of hers were jeopardized by failing to join her, since she had no remedy of action in any event.

In sum, Odessa is not an indispensable party, and it was error for Superior Court in *DeCoatsworth v. Jones* to hold

that she was. The order of Superior Court in *DeCoatsworth v. Jones*, 3 E.D. Appeal Docket 1993, is reversed in part and affirmed in part. Superior Court's order reversing the trial court's denial of the petition to strike judgment is reversed (the petition to strike was properly denied by the trial court);[3] and Superior Court's order denying attorney fees is affirmed. The petition to strike judgment, while lacking in merit, was not "blatantly frivolous," as found by the trial court.

In *Jones v. Alper*, 37 E.D. Appeal Docket 1993, the same fundamental analysis of indispensable parties applies, and Superior Court's determination that Odessa was not an indispensable party is affirmed. Order affirmed.

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, C.J., and ZAPPALA, J., concur in the result.

MONTEMURO, J., who was an appointed justice of the court at the time of argument, participated in the decision of this case in his capacity as a senior justice.

---

3. We express no opinion as to the propriety of the result in the *DeCoatsworth* case. We are not called upon to address whether in an action for fraud in the inducement of a contract, Jones must elect between the remedies of damages and recision of the contract, and thus, whether Jones has received a double recovery in this case, for this issue was not raised.

In denying DeCoatsworth's ejectment action, it would appear that the jury rejected DeCoatsworth's claim that he is "owner of the premises." (Complaint in Ejectment.) Should there be further litigation, matters of title would be properly addressed in a quiet title action.