**Young v. Miller**

154

C.P. of Northampton County, No. C-48-CV-2013-5456

*Matthew T. Croslis*, for plaintiff.
*Richard L. Orloski*, for defendants.

BELTRAMI, *J.*, Dec. 30, 2014—This matter is before the court on defendants' motion for summary judgment

("motion"), filed on August 18, 2014. On September 15, 2014, Plaintiff filed a reply to defendants' motion. Briefs have been filed, oral argument was heard on September 23, 2014, and the matter is ready for disposition.

In his complaint, plaintiff asserts a breach of contract claim based on the following facts. On August 1, 2010, the parties entered into a commercial lease agreement ("lease") pursuant to which defendants operated an automobile collision repair shop in a building owned by plaintiff and Mary Ann Young, his wife.[1] (Compl. ¶ 9, Ex. B ¶ 2.1; Answer ¶ 9.) The lease term was month-to-month. (Compl. Ex. B ¶ 3.1.) Plaintiff and Mary Ann Young signed the Lease collectively as "landlord." (*Id.* at 11.) On August 21, 2012, plaintiff and Mary Ann Young notified defendants of their intention to terminate the lease. (Compl. Ex. C.) Defendants vacated the premises on or about September 30, 2012. (Compl. ¶ 13; Answer ¶ 13.) Plaintiff subsequently inspected the premises, concluded that defendants had damaged the same, and filed the instant suit. (*Id.* ¶¶ 14, 16-17.)

Pennsylvania Rule of Civil Procedure 1035.2 establishes the standard of review for a motion for summary judgment as follows:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a

---

[1]. Plaintiff and Defendants were also parties to a ten-year commercial lease agreement, for the same purpose and in the same capacities, which ran from July 1, 2000, to June 30, 2010. (Compl. Ex. A.) Plaintiff does not presently claim damages pursuant to that lease.

matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2. Summary judgment may only be granted when the record clearly shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). The moving party bears the burden of proving that no genuine issue of material fact exists. *Barnish v. KWI Bldg. Co.*, 916 A.2d 642, 645 (Pa. Super. 2007). In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009). Even where the facts are agreed upon, summary judgment cannot be entered if the facts can support conflicting inferences. *Washington v. Baxter*, 719 A.2d 733, 740 n.10 (Pa. 1998).

The party opposing a motion for summary judgment

may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. No. 1035.3(a)(1)-(2). In other words, the "[f]ailure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the moving party to judgment as a matter of law." *Young v. Commonwealth, Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000). In deciding a motion for summary judgment, the "record" available for the court's examination includes the pleadings, discovery materials, affidavits, and expert reports. Pa.R.C.P. No. 1035.1.

Defendants first argue that judgment should be entered in their favor because Mary Ann Young is an indispensable party to this action. Thus, defendants argue, plaintiff cannot pursue this action without her, entitling defendants to judgment as a matter of law. Initially, the court notes that it is improper for a court to enter summary judgment where the basis for a motion for summary judgment is the failure

to join an indispensable party. *Gaynor v. Gyuris*, 707 A.2d 534, 535, n. 1 (Pa. Super. 1998). That is because "[t]he absence of an indispensable party goes absolutely to the court's jurisdiction." *Hart v. O'Malley*, 647 A.2d 542, 549 (Pa. Super. 1994). Accordingly, if an indispensable party is not joined, a court is without jurisdiction to decide the matter, making any judgment it renders null and void. *Id.* Therefore, if Mary Ann Young is indeed an indispensable party, the court is without power to, as defendants request, enter "judgment in [defendants'] favor on the complaint." (Mot. at 2.) Accordingly, the court will treat defendants' motion as a motion to dismiss based on lack of jurisdiction resulting from plaintiff's failure to join an indispensable party.

"A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988). The following factors are relevant to whether a person is an indispensable party:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of the absent parties?

*DeCoatsworth v. Jones*, 639 A.2d 792, 797 (Pa. 1994).

Here, the Rules of Civil Procedure provide a clear answer to whether Mary Ann Young is indispensable: "Persons having only a joint interest in the subject matter of an action *must* be joined on the same side as plaintiffs or defendants." Pa.R.C.P. No. 2227(a) (emphasis added). In this case, plaintiff and Mary Ann Young have a joint interest in the subject matter of this action because they own the premises jointly and collectively signed, as "landlord," the lease which forms the basis of this breach of contract action.[2] "[I]f a contract is joint, the joint contractees must join in one action to enforce it." *Bowers v. London Assur. Corp.*, 90 Pa. Super. 121, 125 (1926). Thus, it is clear that Mary Ann Young is an indispensable party and that she has not been joined in this action as required.

The Rules of Civil Procedure state that "[w]henever it appears...that there has been a failure to join an indispensable party, the court shall order...that the indispensable party be joined, but if that is not possible, then it shall dismiss the action." Pa.R.C.P. No. 1032(b). "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined." Pa.R.C.P. No. 2232(c). Because the court does not know whether it is possible to join Mary Ann Young, the court will grant

2. In fact, the Lease is "by and between DONALD T. YOUNG and MARY ANN YOUNG, husband and wife, ...*hereinafter referred to as 'Landlord'*, — AND — ROBERT MILLER and KATHRYN MILLER, husband and wife, ...hereinafter referred to as 'Tenant'. (Compl. Ex. B at 1 (emphasis added).)

160

plaintiff leave to amend his complaint to attempt to do so. If plaintiff is unable to join Mary Ann Young or fails to do so, the action will be dismissed.[3]

WHEREFORE, the court enters the following:

ORDER OF COURT

and now, this 30th day of December, 2014, defendants' motion for summary judgment, filed on August 18, 2014, is hereby denied, without prejudice. Plaintiff is granted leave to file an amended complaint, within thirty (30) days, to join Mary Ann Young as a plaintiff in this action. The action is stayed for thirty (30) days to allow plaintiff to join Mary Ann Young. If plaintiff fails to join Mary Ann Young as a plaintiff within thirty (30) days, the court will dismiss the action, on defendants' motion.

---

3. In their motion, defendants alternatively argue that they are entitled to judgment because the lease does not provide any legal basis for plaintiff to recover his asserted damages. Because the court's resolution of the first issue raised by defendants will result in additional pleadings being filed or the dismissal of the action, the second issue raised by defendants is not ripe for determination.