J-S16041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA MONGELL, IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY D. STEFANICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHARLES T. STEFANICK, | |
| Appellee | No. 1511 WDA 2016 |

Appeal from the Order Entered September 15, 2016
in the Court of Common Pleas of Fayette County
Civil Division at No.: 1780 of 2012, G.D.

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED MAY 18, 2017**

Appellant, Barbara Mongell, in her capacity as personal representative of the estate of Dorothy D. Stefanick (the decedent), appeals from the order of September 15, 2016, denying her petition to strike the judgment and verdict for lack of jurisdiction.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this case from the trial court's September 15, 2016 opinion and our independent review of the certified record.

The decedent was the mother of Appellant and Appellee, Charles T. Stefanick.  (**See** Trial Court Opinion, 9/15/16, at 2, 4).  On August 2, 2012,

_____

[*] Retired Senior Judge assigned to the Superior Court.

the decedent filed a civil complaint. In the complaint, the decedent alleged that she was the sole owner of real property at 27 Woodvale Street, Dunbar, Pennsylvania. (*See* Complaint, 8/02/12, at unnumbered pages 1-2). She stated that Appellee was the owner of an adjacent property at 25 Woodvale Street, Dunbar, Pennsylvania. (*See id.* at unnumbered page 1). The decedent contended that she had acquired by "actual, open, notorious, hostile and adverse use" a parcel of land that she used for parking and other purposes, but that Appellee had now blocked access to it. (*Id.* at unnumbered page 2). The decedent sought a declaratory judgment that she was the owner of the disputed land, and punitive damages. (*See id.* at unnumbered page 3).

On August 29, 2012, Appellee filed an answer, new matter and counterclaim. In the new matter and counterclaim, Appellee alleged that the decedent had constructed a carport on his property without his permission and refused to remove it. (*See* Answer, New Matter, and Counterclaim, 8/29/12, at unnumbered page 4).

On November 19, 2013, Appellee filed a pretrial statement. In his statement, he argued, for the first time, that the decedent lacked standing in the instant matter since she had partially transferred the property in question to Appellant, as a joint tenant with right of survivorship (JTWROS), and Appellant was not a party to the proceedings. (*See* [Appellee's] Pre-Trial Statement, 11/19/13, at unnumbered page 1). On May 14, 2014, the

decedent filed her pretrial statement. She did not address Appellee's contention regarding either Appellant or the transfer of property. (*See* [the decedent's] Pretrial Statement, 5/14/14, at unnumbered page 1).

On July 17, 2014, the trial court held a pretrial conference. In an order issued following the conference, the trial court listed one of the issues for trial as whether "[w]ithin five years, or when [the decedent's] property is sold, or at mother's death, the deck shall be removed[.]" (Order Civil Pretrial Conference, 8/13/14, at 1). The issue was not contained within the pleadings and neither party ever moved to amend the pleadings.

A bench trial took place on November 26, 2014 on the sole issue of removal of a deck that overhung Appellee's property. (*See* N.T. Trial, 11/26/14, at 3-4). The decedent was in failing health and did not appear. (*See* Trial Ct. Op., at 2). The trial court allowed Appellant to act as her mother's attorney in fact during the proceedings. (*See id.* at 2, 4). At trial, Appellant was the sole witness on behalf of the decedent, and she sat and conferred with counsel during trial. (*See id.*). The decedent claimed she had acquired title to that area of Appellee's property by adverse possession, easement by prescription, or easement by necessity. (*See* N.T. Trial, 11/26/14, at 4-5).

Appellant's testimony with respect to when the decedent installed the deck was muddled. She initially testified that the deck was not there when

- 3 -

the decedent moved into the residence in February 1990.[1] (*See id.* at 9). She then stated that she did not know when the decedent added the deck, attaching it to an outdoor fire escape. (*See id.* at 10). She subsequently appeared to testify that the deck had been present in February 1990. (*See id.* at 12-13). On cross-examination, Appellant admitted, for the first time, that approximately three months before the filing of the complaint in the instant matter, the decedent transferred the property from herself, to herself and Appellant as JTWROS. (*See id.* at 14). Appellant also admitted that part of the construction of the deck had been done by Gregg Beal, who had been subpoenaed to testify at trial but was not present. (*See id.* at 15). She also stated that her brother-in-law, who was also not present at trial, had done some of the construction but had to stop because of an injury. (*See id.*). Appellant claimed that because she remembered that her brother-in-law hurt himself at work in 1987, construction on the deck had occurred in that year. (*See id.* at 16).

Appellee also testified at trial. He stated, unequivocally, that the decedent did not add the deck until around 1994. (*See id.* at 21). He claimed that he remembered this because he purchased a trailer in 1994 and in order to get the trailer onto the property, he had to go over the area where the deck is located. (*See id.* at 22).

_____

[1] Later Appellant testified that the decedent moved into the property on May 9, 1990. (*See* N.T. Trial, at 15).

At the close of trial, the court directed the parties to file post trial briefs. (*See id.* at 31). On January 16, 2015, Appellant filed a motion to enlarge time to file post trial brief, and, in the motion, Appellant stated that the decedent died on December 28, 2014. (*See* Motion to Enlarge Time to File Post Trial Brief, 1/16/15, at unnumbered page 1). On June 2, 2015, the trial court issued an opinion and verdict. In its decision, the trial court found that the decedent had not added the deck until after Appellee situated the trailer on his property in 1994. (*See* Opinion and Verdict, 6/02/15, at 2). It further held that Appellee was aware that the deck encroached onto his property but allowed it to remain. (*See id.*). Thus, the trial court held that the encroachment had not been in existence for more than twenty-one years and because of the familial relationship between the parties, the possession had not been hostile because Appellee did not object to the decedent's use of his space until 2012. (*See id.* at 3). Accordingly, the court found in favor of Appellee and against Appellant, and ordered Appellant to remove the deck. (*See id.* at 3-4). Neither party filed a direct appeal of that order.

On February 24, 2016, Appellee filed a praecipe to enter judgment. On May 19, 2016, Appellant filed a praecipe to amend the caption to substitute Appellant in her capacity as personal representative of the decedent's estate. That same day, Appellant filed the instant petition to strike judgment, claiming the trial court lacked jurisdiction because she was

an indispensable party, but Appellee had not named her in his counterclaim.[2]

(*See* Petition to Strike judgment and Verdict for lack of Jurisdiction, 5/19/16, at unnumbered page 2).  Appellee filed an answer and new matter on June 3, 2016.  On September 15, 2016, the trial court issued an opinion.  The trial court found that Appellant was an indispensable party, but nonetheless denied the petition to strike, holding that Appellant "was an actual party" to the earlier proceedings in all respects.  (Trial Ct. Op., at 4; *see id.* at 3-4).  The instant, timely appeal followed.

On October 13, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal.  *See* Pa.R.A.P. 1925(b).  Appellant filed a timely Rule 1925(b) statement on November 3, 2016.  *See id.*  On November 4, 2016, the trial court filed a statement in lieu of opinion, stating that all issues were discussed fully in the September 15, 2016 opinion.  *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

---

[2] As noted above, neither party raised the deck issue in the pleadings.  Appellant now avers that Appellee first raised the issue in a counterclaim.  (*See* Petition to Strike Judgment and Verdict for lack of Jurisdiction, 5/19/16, at unnumbered pages 3-4).  However, there is nothing in the record that supports this allegation.  Rather, in its opinion, the trial court implies that it was Appellant who raised an adverse possession claim.  (*See* Trial Ct. Op., at 2).  Further, Appellant herself alternates between claiming that this issue grew out of Appellee's counterclaim and merely stating that this issue became the ultimate issue in dispute.  (*See* Appellant's Brief, at 14-15).

I. Is a co-owner of land (with right of survivorship), who appeared in the proceedings as a witness on behalf of the named [c]ounterclaim [d]efendant, required to be named or joined as a party, in a manner contemplated by Rule 2227 of the Pennsylvania Rules of Civil Procedure or an indispensable party in a civil proceeding which adjudicates the legal status of the co-owner's boundary line and liability of co-owner for a property encroachment?

   A. Did the [t]rial [c]ourt err as a matter of of law in determining that [Appellant] was a "*de facto* party" to the [t]rial [c]ourt proceedings, as a result of her appearing as a witness and participating as the attorney-in-fact for the named [c]ounterclaim [d]efendant?

II. Did the [t]rial [c]ourt lack subject matter jurisdiction to adjudicate the issue concerning the legal status of the boundary line/encroachment due to the failure to join the property co-owner as a party, requiring the verdict and judgment to be stricken?

(Appellant's Brief, at 4).

While Appellant divides her argument into two issues, they are interrelated as both challenge the trial court's denial of her petition to strike. We will therefore treat them together.[3] We have stated:

---

[3] This Court has legitimate questions regarding the standing of Appellant, in her capacity as personal representative of the estate, to file a petition to strike in this matter. As the decedent and Appellant held the property as JTWROS, upon the decedent's death the property passed to her directly through operation of law, not through the estate. Thus, it is not evident what interest the estate has in the proceedings. However, our Supreme Court has held that where a party has not raised the issue of lack of standing, and Appellee did not below, this Court cannot raise it *sua sponte*. **See In re Estate of Brown**, 30 A.3d 1200, 1204-05 (Pa. Super. 2011) (citing **In re deYoung**, 903 A.2d 1164, 1166 (Pa. 2006)); **see also Hall v. Episcopal Long Term Care**, 54 A.3d 381, 399 (Pa. Super. 2012), *appeal*
*(Footnote Continued Next Page)*

[t]his Court's review of an order striking a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law.

A petition to strike a judgment

may be granted only if a fatal defect or irregularity appears on the face of the record . . . In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the [judgment] is given, *i.e.*, the complaint and the documents [of record]. Matters *dehors* the record filed by the party in whose favor the [judgment] is given will not be considered. If the record is self-sustaining, the judgment will not be stricken.

The lack of jurisdiction is a proper basis for striking a judgment when the jurisdictional defect is evident on the face of the record.

\* \* \*

The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction. Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*.

***Northern Forests II, Inc. v. Keta Realty Co.***, 130 A.3d 19, 28-29 (Pa.

Super. 2015), *appeal denied*, 2016 WL 5815288 (Pa. filed Oct. 5, 2016)

(citations, quotation marks, and footnote omitted).

Moreover:

[i]t is never too late to attack a judgment or decree for want of jurisdiction. That question is always open. Such a judgment is

*(Footnote Continued)* ─────────────────

*denied*, 69 A.3d 243 (Pa. 2013) (holding that challenge to standing must be raised at earliest possible opportunity in preliminary objections or answer). Thus, we are constrained to address the merits of Appellant's contentions.

- 8 -

entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect. The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved. . . . Moreover, is [sic] well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time.

*DeCoatsworth v. Jones*, 639 A.2d 792, 796 (Pa. 1994) (citations, emphasis, and quotation marks omitted) (holding that Superior Court erred in finding that once direct appeals process was completed trial court lacked jurisdiction to rule on motion to strike for failure to name indispensable party filed several months after Supreme Court denied *allocator* in underlying action). Thus, despite Appellant's lengthy delay in filing her petition, the trial court had jurisdiction to hear it. *See id.* at 796.

However, finding that the trial court had jurisdiction to rule on the petition, does not go to the issue of merit. Our Supreme Court has stated that we should consider four factors in determining whether a party is indispensable.

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Id.* at 797 (citation omitted).

Here, as JTWROS, Appellant had an interest or right related to a claim regarding the property. *See Mitchell v. Prudential Prop. & Cas. Ins. Co.*, 499 A.2d 632, 636 (Pa. Super. 1985) (noting that JTWROS are indispensable parties in cases involving property); *but see Miller v. Benjamin Coal Co.*, 625 A.2d 66, 66-68 (Pa. Super. 1993), *appeal denied*, 641 A.2d 311 (Pa. 1994) (holding that while joint property owners were generally indispensable parties, there was nothing preventing one spouse in property held by entireties from maintaining action with one spouse acting as other's agent). Thus, we agree with Appellant that as a joint tenant she had an interest in a claim relating to the property. *See Mitchell*, *supra* at 636.[4]

Further, as a JTWROS, Appellant had an interest in the correct demarcation of the property line and the questionable legal status of the deck, as it affected the marketability of her title and the value of the property.

---

[4] Appellee, relying on this Court's decision in *General Credit Co. v. Cleck*, 609 A.2d 553, 556 (Pa. Super. 1992), *appeal discontinued*, 613 A.2d 560 (Pa. 1992), argues that the decedent's action in filing the complaint stating that she was the sole owner of the property, severed the joint tenancy. (*See* Appellee's Brief, at 11-13). We disagree, as there is nothing in the record that demonstrates that the decedent intended to sever the tenancy. *See Bastian v. Sullivan*, 117 A.3d 338, 345 (Pa. Super. 2015) (explaining intent is significant issue in addressing severance and voluntary act by one tenant must be of "sufficient manifestation" that he or she is "unable to retreat" from the action creating severance).

The third prong asks whether the right or interest is essential to the merits of the issue. We do not think it was. Appellant had been a joint owner of the property for less than six months at the time the decedent filed the complaint. She had no ownership interest in the property when the decedent erected the deck, and any affirmative defense of adverse possession and easement by prescription[5] was only available to her through the decedent. Thus, her interest in the property was not essential to a claim of whether the decedent could keep the deck because she had acquired title to a portion of Appellee's property by either adverse possession or easement by prescription, as the trial court was able to resolve the matter based upon the factual issues of the age of the deck and Appellee's lack of hostility toward it. *See Mechancisburg Area School Dist. v. Kline*, 431 A.2d 953, 957 (Pa. 1981) (defining unnamed party's rights and interests as "essential," in pertinent part, where "the court cannot proceed to a final decision of the cause, until they are parties.") (citation omitted).

Moreover, Appellant has also not demonstrated that justice could not be afforded without violating her due process rights. Here, Appellant acknowledges that her interests were identical to those of the decedent. (*See* Appellant's Brief, at 16). Appellant admits that she acted at trial as the

_____

[5] While the decedent's counsel claimed at trial to be proceeding also on a theory of easement by necessity, he admitted that this theory was not contained in the pleadings. (*See* N.T. Trial, 11/26/14, at 4-5, 30).

decedent's attorney in fact and only witness. (*See id.* at 14). Despite this, Appellant baldly alleges that somehow her rights to be "informed of the nature of the proceeding, to have an opportunity to hire counsel, to file pleadings, to assert legal defenses, to call witnesses[,] and to participate in proceedings as a party in her own right" were violated. (*Id.* at 17). We disagree.

At the time decedent filed the complaint, Appellant was a JTWROS. She admitted this at trial. (*See* N.T. Trial, 11/26/14, at 14). Yet she made no assertion either before or at trial that the proceeding was violating her due process rights, waiting nearly one year after the entry of the trial court's decision. She attempts to excuse this in her brief by claiming she had "no title or interest" in the subject of the original pleadings, namely the delivery space and the carport. (Appellant's Brief, at 17). Even assuming the truth of Appellant's statement, the parties settled these issues well before trial, leaving the deck issue as the sole remaining unresolved problem, and Appellant provides no real explanation for her failure to assert her rights at trial. (*See* Order, 8/13/14, at 1-2; N.T. Trial, 11/26/14, at 2-4). Moreover, her bald claim of a due process violation is utterly inadequate. As discussed above, Appellant's interests in this matter were identical to the decedent's, and her claims of adverse possession and easement by prescription were derived from the decedent's claim. Appellant was present at trial, consulted with counsel, and testified. She has not pointed to any pleadings she wished

to file, specified any defenses she was prevented from asserting, or named any witnesses she was unable to call. (*See* Appellant's Brief, at 17). Thus, she has not shown that the failure to name her violated her due process rights.

For the reasons discussed above, we find that Appellant has not demonstrated that she was an indispensable party.[6] *See DeCoatsworth*, *supra* at 797-98 (finding estranged wife was not indispensable party where record did not show her rights were essential to merits of claim and her due process rights were not jeopardized). Therefore, the trial court did not abuse its discretion or commit an error of law in denying Appellant's petition to strike. *See Northern Forests*, *supra* at 28-29.

Order affirmed.

---

[6] We find Appellant's reliance on this Court's decisions in *Enright v. Kirkendall*, 819 A.2d 555 (Pa. Super. 2003) and *Moorehead v. Lopatin*, 445 A.2d 1308 (Pa. Super. 1982) to be misplaced. Both involve tort claims against landowners where the landowner raised the affirmative defense of failure to name an indispensable party in preliminary objections, the plaintiffs never sought to amend the pleadings to resolve the problem, and consequently the trial court granted summary judgment on this basis. *See Enright*, *supra* at 556-57; *Moorehead*, *supra* at 1309-10. These cases are so factually and procedurally dissimilar to the instant matter as to be of no assistance.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017